### DAVID KENDALL *vs.* ADOLPHUS BROWN.

A deed from all the heirs of J. S. of " all the right, title and interest of us and each of us
in and to " certain land described by metes and bounds, " hereby quitclaiming all our
right, title and interest in and to all the real estate situated in W., owned by J. S. at the
time of his decease, reserving however, from the operation of this conveyance, all of
that portion of said estate included in the above description which was set off to H. S.
as her dower," with covenants against " all incumbrances made or suffered by us or
either of us respectively," and of special warranty, does not pass the right derived by
one of the grantors, by a prior and independent title, and as appurtenant to other land, to
maintain a dam and reservoir on the land granted, for the support of a mill on such
other land.

ACTION OF TORT for removing a dam erected by the plaintiff
upon the defendant's land.   The defendant admitted the re-
moval; and the question of his right to remove it was submitted
to the decision of the court upon the following facts :

The land upon which the plaintiff's mill stands, together with
the mill, and the privilege appurtenant thereto, was conveyed by
John Eaton on the 4th of March 1819 to Josiah Kendall and
the plaintiff, who in 1820 erected a new mill in the place of the
old one, upon the same site.   In 1830, Josiah conveyed all his
interest therein to the plaintiff.   Before the conveyance from
Eaton, and ever since that conveyance, the owners or occupants
of the mill have maintained and kept in repair a dam upon the
defendant's land, three quarters of a mile above their mill, on the
same stream, for the purpose of creating a reservoir for the sup-
ply of the mill, by flowing the lands of the defendant and of
other persons above that dam.   The land of the defendant, thus

covered and flowed by the dam, was part of the farm which formerly belonged to Joshua Kendall, the plaintiff's father, who died in 1818. In 1819 Joshua Kendall, another son of said Joshua, bought out the other heirs and became sole owner of the farm, and in 1846 died, leaving no issue, and his estate descended to the plaintiff and his other brothers and sisters, who on the 1st of May 1847, in consideration of the sum of $7,000, remised, released and quitclaimed to the defendant "all the right, title and interest of us and each of us in and to" said lands, (described by metes and bounds,) "hereby quitclaiming all our right, title and interest in and to all the real estate, situated in West Cambridge and Waltham, owned by Joshua Kendall at the time of his decease, reserving however, from the operation of this conveyance, all of that portion of said estate, included in the above description, which was set off to Hannah Kendall as her dower," with covenants against "all incumbrances made or suffered by us or either of us respectively," and of warranty against the "lawful claims and demands of all persons claiming by, through or under us, but against none other."

G. A. Somerby, for the plaintiff.

E. Buttrick, for the defendant.

The decision was made at October term 1857.

THOMAS, J. What construction is to be given to the deed made to the defendant by the heirs of Joshua Kendall, in which the plaintiff was one of the grantors, is the question before us. Did the deed convey only the estate or interest which the plaintiff had as one of the heirs at law of his brother; or did it also convey the right which, by a prior and independent title, he had as owner of the mill, and as appurtenant thereto, to maintain the dam and reservoir?

We think, though the question is certainly a difficult one, the first is the true construction. If we look only at the first words of release, they are doubtless broad enough to convey the plaintiff's entire interest in the estate. But to ascertain the intention of the parties the whole instrument is to be taken together. After the description of the estate, the language of the deed is, "hereby quitclaiming all our right, title and interest in and to all

the real estate situated in West Cambridge and Waltham, owned by Joshua Kendall at the time of his decease." It is the deed of the heirs at law of Joshua Kendall; and the interest they quitclaim is the interest in the real estate owned by him at his decease. The right to maintain this dam and reservoir was not of that estate. It had long before been severed from it, and become appurtenant to another estate, to wit, the mill of the plaintiff. Placing ourselves in the situation of the parties, reading the deed in the light of the then existing facts, we think that what on the one side was intended to be conveyed, and on the other expected to be received, was the estate which Joshua had at the time of his decease; and that the interest in or right to the dam and reservoir were not in the contemplation of the parties when this deed was made. It was made *alio intuitu.*

The reservation of that portion of the estate which had been set off to Hannah Kendall as dower, while it has some tendency to show that no other part is reserved, also shows that the subject matter which the grantors were conveying was so much of the estate of the deceased brother as had not been assigned to the widow as dower.

The covenants do not enlarge the estate, but apply to the premises granted. There is nothing in the language, which shows that the parties had in view any other estate than that which Joshua Kendall owned at the time of his death. The covenant against incumbrances includes only those made or suffered by the grantors respectively. This incumbrance, if so it may be called, existed before the estate came to the possession of the deceased, and was not created or suffered by the heirs.

On the other hand, the right to the dam and reservoir, that is, to maintain the dam and flow the land, had become annexed to the mill estate, and would pass with it as appurtenant. Only the most unequivocal words would require us to say that, in releasing and quitclaiming his title as heir to the estate of his brother, the plaintiff had relinquished a most valuable interest appurtenant to another estate, which he held by a distinct and independent title. Such is not the case in the deed before us.

*Judgment for the plaintiff.*